IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN SUAREZ and BILLIE SUAREZ, ) | **PLAINTIFFS DEMAND** |
| ) | **A JURY TRIAL** |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No.: |
| ) | |
| W. M. BARR & COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT AT LAW

### JURISDICTION AND VENUE

1. That on the 7th day of April 2012, and at all material times, the plaintiff, Juan Suarez, was a citizen of the state of Illinois.

2. That on the 7th day of April 2012, and at all material times, the plaintiff, Billie Suarez, was a citizen of the state of Illinois.

3. That on the 7th day of April 2012, and at all material times, the defendant, W. M. Barr & Company, Inc. (hereinafter referred to as "Defendant"), is a citizen of the state of Tennessee. The Defendant is incorporated in the state of Tennessee and has its principal place of business in Tennessee.

4. Defendant does business in the state of Illinois and derives substantial profits from its sales in the state of Illinois and this District.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because this action has a controversy in excess of $75,000 and is between citizens of different states.

6. This Court has personal jurisdiction over the Defendant, because it is authorized to and does conduct business in the state of Illinois, generally and with regard to this particular action, that the exercise of personal jurisdiction does not offend the traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to the claim occurred in this district.

Now come the Plaintiffs, Juan Suarez and Billie Suarez, by and through their attorney, Edmund J. Scanlan, and as their complaint against the Defendant, W. M. Barr & Company, Inc., state as follows:

## COUNT I – JUAN SUAREZ
## PRODUCT LIABILITY – DESIGN DEFECT

1. On the 7th day of April 2012, the plaintiff, Juan Suarez, was in the process of removing paint from the floor of a brick bungalow he owned at 1609 South 51st Avenue, in Cicero, Illinois.

2. Prior to undertaking this project, the plaintiff, Juan Suarez, purchased a gallon can of Goof Off, manufactured and distributed by Defendant, to assist him in removing paint from the floor.

3. Plaintiff, Juan Suarez, prior to using Goof Off, opened the window and the door to the outside in the room in which he was using the Goof Off.

4. After applying Goof Off to the floor, a flash fire occurred as a result of applying the Goof Off.

5. The vapors from the Goof Off had migrated from the room plaintiff, Juan Suarez, was working in and were ignited.

6. The Goof Off product in question was originally designed and sold by Defendant.

7. At the time the product in question was sold, Defendant was in the business of designing, manufacturing and selling products such as the one in question.

8. At the time the product in question was designed, manufactured and sold by Defendant, it was defective in design and unreasonably dangerous as designed. The defective and unreasonably dangerous condition of the product was a proximate cause of the injuries and damages to the plaintiff, Juan Suarez.

9. The design defects regarding the Goof Off product at issue include, yet are not limited to, vapor migration characteristics, flammability, volatility, low flash point, and an upper explosive level unsuitable for use in the home.

10. The plaintiff, Juan Suarez, used the Goof Off product in a foreseeable manner. Nonetheless, the use of the product was unreasonably dangerous and caused severe injuries to the plaintiff, Juan Suarez.

11. There were safer alternative designs other than the one used, which were economically and technologically feasible that would have prevented or significantly reduced the risk of accident and/or injury in question without substantially impairing the product's utility. These safer designs were available in the market and were technologically and economically feasible at the time Goof Off was manufactured and would have not impaired the utility of the product.

12. At the time the product in question was sold, the defective design caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of such products. The defective and unreasonably dangerous

3

design of the product was a proximate cause of the injuries and damage to the plaintiff, Juan Suarez.

13. At the time of the accident, the product was in substantially the same condition as it was at the time it was placed into the stream of commerce. No material alterations were made to the product. At the time of the accident, the product was in the same or substantially similar condition as when it left the control of defendant.

14. That as a direct and proximate result of one or more of the aforesaid design defects, the plaintiff, Juan Suarez, was severely burned as a result of a flash fire caused by the addition of the vapors from the Goof Off product, and as a direct and proximate result thereof, the plaintiff, Juan Suarez, suffered severe and debilitating injuries, including severe burns throughout his body, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will suffer great pain and discomfort as a result of these injuries, and he has and will remain disabled as a result of these injuries, and he has and will lose great sums of money as a result of being unable to attend to his ordinary affairs, and he has and will remain disfigured.

Wherefore, the Plaintiff, Juan Suarez, demands judgment against the Defendant, W. M. Barr & Company, Inc., in a sum in excess of Seventy Five Thousand Dollars, plus the costs of this lawsuit.

**COUNT II – JUAN SUAREZ**
**PRODUCT LIABILITY – FAILURE TO WARN**

1-7. The plaintiff, Juan Suarez, hereby realleges and readopts paragraphs 1 through 7 of Count I as and for paragraphs 1 through 7 of Count II, as though fully set forth herein.

4

8. Defendant is liable under the theory of strict products liability. Defendant was at all times relevant to this suit and is now engaged in the business of designing, manufacturing, testing, marketing and placing into the stream of commerce Goof Off for sale to, and for use by, members of the public, including the Goof Off at issue in this lawsuit. The Goof Off manufactured by Defendant reached plaintiff, Juan Suarez, without substantial change and was used as directed. The Goof Off product used by plaintiff, Juan Suarez, was defective and unreasonably dangerous when it entered into the stream of commerce and when used by plaintiff, Juan Suarez.

9. Defendant, as a manufacturer of household stain and spot removers, is held to the level of knowledge of an expert in the field, and further, Defendant knew or should have known that warnings and other relevant information and data which it distributed regarding the flammability of the product and other injuries associated with the use of Goof Off were inadequate.

10. Plaintiff, Juan Suarez, did not have the same knowledge as Defendant and no adequate warning or other relevant information and data was communicated to plaintiff, Juan Suarez.

11. Defendant had a continuing duty to provide consumers, including plaintiff, Juan Suarez, and retailers with warnings and other relevant information and data regarding the risks and dangers associated with Goof Off products as it became or could have become available to Defendant.

12. Defendant marketed, promoted, distributed and sold the unreasonably dangerous and defective Goof Off product to consumers, including plaintiff, Juan Suarez, without adequate warnings and other relevant information and data. Through both

omission and affirmative misstatements, Defendant misled the community about the risks and flammability of Goof Off, which resulted in injury to plaintiff, Juan Suarez.

13. Despite the fact that Defendant knew or should have known that the use of Goof Off created unreasonable and dangerous risks of fire and/or explosion, it continued to promote and market Goof Off without stating that there existed safer and more or equally effective alternative products and/or providing adequate relevant information and data.

14. Defendant knew or should have known that consumers, plaintiff, Juan Suarez, specifically, would foreseeably and needlessly suffer injury or death as a result of Defendant's failures.

15. Defendant failed to provide timely and adequate warnings to consumers and retailers, including plaintiff, Juan Suarez, in the following ways:

(a) Defendant failed to include adequate warnings and/or provide adequate relevant information and data that would alert plaintiff, Juan Suarez, to the dangerous risks of Goof Off, including, among other things, vapor migration, its volatile nature, low flash point and extreme flammability;

(b) Defendant failed to provide adequate post-marketing warnings and instructions after the Defendant knew or should have known of the significant risks of, among other things, vapor migration, its volatile nature, low flash point and extreme flammability; and

(c) Defendant continued to promote and sell Goof Off even after they knew or should have known of vapor migration, its volatile nature, low flash point and extreme flammability.

16. Defendant had an obligation to provide plaintiff, Juan Suarez, with adequate relevant information and data and warnings regarding the proper use and risks associated with the use of Goof Off and/or that there existed safer and more or equally effective alternative products.

6

17. By failing to provide plaintiff, Juan Suarez, with adequate clinically relevant information and data and warnings regarding the proper usage and adverse risks associated with use of Goof Off and/or that there existed safer and more equally effective alternative products, Defendant breached its duty of reasonable care and safety.

18. Defendant's actions described above were performed willfully, intentionally and with reckless disregard of the life and safety of the plaintiff, Juan Suarez, and the public.

19. As a direct and proximate result of one or more of the aforesaid failures to warn, the plaintiff, Juan Suarez, was severely burned as a result of the flash fire caused by the addition of the vapors from the Goof Off product, and as a direct and proximate result thereof, the plaintiff, Juan Suarez, suffered severe and debilitating injuries, including severe burns throughout his body, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will suffer great pain and discomfort as a result of these injuries, and he has and will remain disabled as a result of these injuries, and he has and will lose great sums of money as a result of being unable to attend to his ordinary affairs, and he has and will remain disfigured.

Wherefore, the Plaintiff, Juan Suarez, demands judgment against the Defendant, W. M. Barr & Company, Inc., in a sum in excess of Seventy Five Thousand Dollars, plus the costs of this lawsuit.

### COUNT III – JUAN SUAREZ
### PRODUCT LIABILITY – NEGLIGENCE

1-7. The plaintiff, Juan Suarez, hereby realleges and readopts paragraphs 1 through 7 of Count I as and for paragraphs 1 through 7 of Count III, as though fully set forth herein.

8. W. M. Barr & Company, Inc. committed acts of omission and commission, which collectively constituted negligence and which were a proximate cause of the injuries and damages of plaintiff, Juan Suarez.

9. That at the time the Goof Off left the control of the Defendant, they had a duty to exercise due care and caution for the safety of consumers, including the plaintiff, Juan Suarez.

10. That notwithstanding the aforesaid duty, the Defendant, by and through its duly authorized agents, servants and employees, was guilty of one or more of the following acts and/or omissions:

- (a) negligently designed the product with an extremely low flash point, thereby making the product inappropriate for household use;

- (b) negligently failed to test the product to ensure the design has a high enough flash point so that the product is not unreasonably dangerous for household use;

- (c) failed to adequately train and assist sellers in the dangers associated with the product;

- (d) failed to disclose known problems and defects;

- (e) failed to meet or exceed internal corporate guidelines;

- (f) failed to inform the consumer, including Juan Suarez, of information that Defendant knew about the dangerous nature of Goof Off, thus depriving the plaintiff, Juan Suarez, of the right to make a conscious and free choice;

- (g) failed to provide adequate warnings regarding the flammability of the product;

- (h) failed to provide adequate instructions regarding the use of the product;

- (i) failed to alert the consumers of the dangers of migrating vapors;

(j) failed to comply with the standards of care applicable in the industry insofar as providing reasonable and thorough instructions and warnings for use of the product; and

(k) failed to notify consumers, after the sale of the product, that a defect exists in the product that relates to the consumer's safety.

11. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, the plaintiff, Juan Suarez, was injured and suffered severe and debilitating injuries, including severe burns throughout his body, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will suffer great pain and discomfort as a result of these injuries, and he has and will remain disabled as a result of these injuries, and he has and will lose great sums of money as a result of being unable to attend to his ordinary affairs, and he has and will remain disfigured.

Wherefore, the Plaintiff, Juan Suarez, demands judgment against the Defendant, W. M. Barr & Company, Inc., in a sum in excess of Seventy Five Thousand Dollars, plus the costs of this lawsuit.

**COUNT IV – BILLIE SUAREZ**
**LOSS OF CONSORTIUM**

1-14. The plaintiff, Billie Suarez, hereby realleges and readopts paragraphs 1 through 14 of Count I as and for paragraphs 1 through 14 of Count IV, as though fully set forth herein.

15. That as a direct and proximate result of the injuries sustained by her husband, Juan Suarez, the plaintiff, Billie Suarez, suffered a loss of consortium, which includes material services, elements of companionship, felicity and sexual intercourse.

Wherefore, the Plaintiff, Billie Suarez, demands judgment against the Defendant, W. M. Barr & Company, Inc., in a sum in excess of Seventy Five Thousand Dollars, plus the costs of this lawsuit.

**COUNT V – BILLIE SUAREZ**
**LOSS OF CONSORTIUM**

1-19.    The plaintiff, Billie Suarez, hereby realleges and readopts paragraphs 1 through 19 of Count II as and for paragraphs 1 through 19 of Count V, as though fully set forth herein.

20.    That as a direct and proximate result of the injuries sustained by her husband, Juan Suarez, the plaintiff, Billie Suarez, suffered a loss of consortium, which includes material services, elements of companionship, felicity and sexual intercourse.

Wherefore, the Plaintiff, Billie Suarez, demands judgment against the Defendant, W. M. Barr & Company, Inc., in a sum in excess of Seventy Five Thousand Dollars, plus the costs of this lawsuit.

**COUNT VI – BILLIE SUAREZ**
**LOSS OF CONSORTIUM**

1-11.    The plaintiff, Billie Suarez, hereby realleges and readopts paragraphs 1 through 11 of Count III as and for paragraphs 1 through 11 of Count VI, as though fully set forth herein.

12.    That as a direct and proximate result of the injuries sustained by her husband, Juan Suarez, the plaintiff, Billie Suarez, suffered a loss of consortium, which includes material services, elements of companionship, felicity and sexual intercourse.

Wherefore, the Plaintiff, Billie Suarez, demands judgment against the Defendant, W. M. Barr & Company, Inc., in a sum in excess of Seventy Five Thousand Dollars, plus the costs of this lawsuit.

/s/ Edmund J. Scanlan
Attorney for Plaintiffs,
Juan Suarez and Billie Suarez

Edmund J. Scanlan
Attorney for Plaintiffs
8 South Michigan Avenue, Suite 2700
Chicago, Illinois  60603
Telephone:  (312) 422-0343
Facsimile:  (312) 422-0358
Email:      ejs@scanlanlawgroup.com
ARDC #:    2466643